# EXHIBIT ONE

## U S B C - Southern District of New York
## Case No. 05-17930
### September 14, 2005 Voluntary Petition

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Northwest Airlines Corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax<br>I.D. No. (if more than one, state all): 41-1905580 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.<br>No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>2700 Lone Oak Parkway<br>Eagan, MN 55121 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: Dakota County, MN | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>5101 Northwest Drive<br>St. Paul, MN 55111-3034 | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above):<br>The Debtor, together with its affiliated Debtors, operates the 4th largest airline company in the world.  The Debtors collectively have assets located throughout the United States and various other countries. |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | | |
|---|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ☒ Chapter 11 | ☐ Chapter 13 |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 – Case ancillary to foreign proceeding | | |
| ☐ Other | ☐ Clearing Bank | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☐ Consumer/Non-Business | ☒ Business | ☒ Full Filing Fee attached |

| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
|---|---|
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | Must attach signed application for the court's consideration certifying |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e)(Optional) | that the debtor is unable to pay fee except in installments.<br>Rule 1006(b).  See Official Form No. 3. |

| **Statistical/Administrative Information** (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will<br>be no funds available for distribution to unsecured creditors. | |

| Estimated Number of Creditors<br>(Consolidated numbers including<br>all affiliates) | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets (Consolidated numbers including all affiliates) | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Debts (Consolidated numbers including all affiliates) | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

(Official Form 1) (12/03)                                                                 FORM B1, Page 2

| Voluntary Petition | Name of Debtor(s):  Northwest Airlines Corporation |
|---|---|
| (This page must be completed and filed in every case) | |

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location<br>Where Filed: Not Applicable | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: See Attached Schedule 1 | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney

X _/s/ Bruce R. Zirinsky_
Signature of Attorney for Debtor(s)
Bruce R. Zirinsky
Printed Name of Attorney for Debtor(s)
Cadwalader, Wickersham & Taft LLP
Firm Name
One World Financial Center
Address
New York, New York  10281

(212) 504-6000
Telephone Number
September 14, 2005
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/ Barry P. Simon_
Signature of Authorized Individual
Barry P. Simon
Printed Name of Authorized Individual
Executive Vice President and General Counsel
Title of Authorized Individual
September 14, 2005
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☒ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)                              Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

### Signature or Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

SCHEDULE 1

Including the debtor in this chapter 11 case, the following affiliated debtors simultaneously have filed voluntary chapter 11 petitions in this Court. Contemporaneously with the filing of these petitions, such entities filed a motion requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

NWA Fuel Services Corporation
Northwest Airlines Corporation
Northwest Airlines Holdings Corporation
NWA Inc.
Northwest Airlines, Inc.
Northwest Aerospace Training Corp.
MLT Inc.
Northwest Airlines Cargo, Inc.
NWA Retail Sales Inc.
Montana Enterprises, Inc.
NW Red Baron LLC
Aircraft Foreign Sales, Inc.
NWA Worldclub, Inc.

# EXHIBIT TWO

**U S B C - Southern District of New York**
**Case No. 05-17930**
**May 19, 2005 Order Fixing Bar Date for Filing Proofs**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re:

NORTHWEST AIRLINES CORPORATION,
NWA FUEL SERVICES CORPORATION,
NORTHWEST AIRLINES HOLDINGS CORPORATION,
NWA INC.,
NORTHWEST AEROSPACE TRAINING CORP.,
NORTHWEST AIRLINES, INC.,
NWA AIRCRAFT FINANCE, INC.,
MLT INC.,
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES
CARGO, INC.,
NWA RETAIL SALES INC.,
MONTANA ENTERPRISES, INC.,
NW RED BARON LLC, AND
NWA WORLDCLUB, INC.,

                            Debtors.

------------------------------------------------------------------------

Chapter 11

Case No. 05-17930 (ALG)

Jointly Administered

## ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

Upon consideration of the motion for entry of an order authorizing Northwest

Airlines Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to Rules

2002(a)(7), 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), fixing a bar date for filing proofs of claim, approving the proposed

proof of claim form, approving the proposed bar date notice, and approving the proposed notice

and publication procedures, all as more fully set forth in the motion (the "Bar Date Motion");

and it appearing that the Court has jurisdiction over this matter, and it appearing that (i)

establishment of a date by which creditors must assert claims against the Debtors or be forever barred from voting on any chapter 11 plan or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") and the Bankruptcy Rules, is necessary for the prompt and efficient administration of these chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein, and (ii) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it appearing that due notice of the Bar Date Motion having been provided to the parties entitled to notice of the Bar Date Motion pursuant to that certain Order Establishing Notice Procedures, dated September 15, 2005; and it appearing that no other or further notice need be provided; and upon all matters heretofore before the Court; and upon the Motion, the papers filed in support thereof, and the responses thereto; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to September 14, 2005 (the "Petition Date"), shall file an original, written proof of such claim which substantially conforms to Exhibit A attached to the Motion (the "Proof of Claim"), which form is hereby approved, or Official Form No. 10, so as to be received on or before **August 16, 2006 at 5:00 p.m.** prevailing Eastern Time (the "Bar Date") at the appropriate destination either

by mailing such original proof of claim to: United States Bankruptcy Court, Southern District of New York, Attn: Northwest Airlines Claims Processing, Bowling Green Station, P.O. Box 5005, New York, New York 10274-5005, or delivered by messenger or overnight courier to: Office of the Clerk for the United States Bankruptcy Court, Southern District of New York, Re: Northwest Airlines Claims Processing, One Bowling Green, New York, New York 10004-1408 (together, the "Northwest Claims Docketing Center"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Claims Docketing Center on or before the Bar Date; and it is further

ORDERED that the Northwest Claims Docketing Center shall **not** accept proofs of claim sent by facsimile or telecopy; and it is further

ORDERED that the following persons or entities are **not** required to file a proof of claim on or before the Bar Date:

i.   any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

ii.  any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," ~~and~~ (iii) who does not dispute the amount, ~~or~~ nature **and priority** of the claim for such person or entity as set forth in the Schedules **and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;**

iii. any person or entity whose claim has already been paid by the Debtors;

iv.  any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

v.   any Debtor in these cases having a claim against another Debtor;

vi.    any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor;

vii.    any professionals whose retentions in these chapter 11 cases have been approved by the Court;

viii.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date; and it is further; and

ix.    any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be **that were** paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend to exercise authority to pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Nothing in this provision shall limit or preclude the Debtors from contesting an employee's claim to wages or benefits under the applicable collective bargaining agreement in grievance proceedings or before the applicable System Board of Adjustment. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

and it is further

ORDERED that the deadline for asserting claims by a co-debtor, surety, or guarantor under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005 is September 15, 2006; and it is further

ORDERED that the last day for any entity asserting a claim by reason of the rejection of an executory contract or unexpired lease is the <u>later</u> of (i) the Bar Date, or (ii) the

first business day that is at least thirty (30) calendar days after the entry of any order approving

the rejection of the executory contract; and it is further

ORDERED that the last day for any entity asserting a claim arising from the

recovery of a voidable transfer to file a claim against the Debtors is the later of (i) the Bar Date,

or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or

judgment approving the avoidance of the transfer; and it is further

ORDERED that the last day for any entity asserting a claim arising from the

assessment of certain taxes described in section 502(i) of the Bankruptcy Code to file a claim

against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least

thirty (30) calendar days after the date the relevant tax claims arise; and it is further

ORDERED that the last day for the filing proofs of claim by "governmental

units" (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m.

prevailing Eastern Time; and it is further

ORDERED that if an amendment to the Debtors' Schedules (i) reduces the

liquidated amount of a scheduled claim, (ii) reclassifies a scheduled, undisputed, liquidated, non-

contingent claim as disputed, unliquidated, or contingent, (iii) reduces the priority of a scheduled

claim, or (iv) changes the Debtor against whom such amount was scheduled, and the affected

claimant does not agree with such amendment, the affected claimant who has not already filed a

proof of claim in advance of the Bar Date relating to such scheduled claim must file a proof of

claim on the later of (i) the first business day that is at least thirty (30) calendar days after the

mailing of the notice of such amendment, or (ii) such other time as may be established by order

of the Court in connection with a motion to amend the Debtors' Schedules, but in each instance,

only to the extent such proof of claim does not exceed the amount scheduled for such claim

before the amendment; and that creditors are not entitled to an extension of the Bar Date if a

schedule amendment increases the scheduled amount of an undisputed, liquidated, non-contingent claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and/or 364 of the Bankruptcy Code; and it is further

ORDERED that holders of equity securities of the Debtors need not file a proof of interest, provided however that any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; and it is further

ORDERED that where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim, and provided further that to the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date; and it is further

ORDERED that where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement

Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor. For the avoidance of doubt, this paragraph shall apply to the claims of the agents and lenders under the Second Amended and Restated Credit and Guarantee Agreement, dated April 15, 2005, among NWA Corp., certain other of the Debtors, JPMorgan Chase Bank, N.A., as Administrative Agent, and the other financial institutions party thereto as agents and lenders; and it is further

ORDERED that, notwithstanding anything in this Order, the Bar Date Notice, the Bar Date Motion, the Bankruptcy Code or the Bankruptcy Rules to the contrary, for administrative convenience purposes, the filing of any proof of claim by the Pension Benefit Guaranty Corporation ("PBGC") on its own behalf or on behalf of any one or more defined benefit pension plans of any of the Debtors against any of the Debtors shall, except to the extent such proof of claim expressly provides to the contrary, be deemed to be the filing of such proof of claim against each and all of the Debtors in these jointly administered cases; provided, however, except as expressly set forth herein, nothing herein shall affect substantive rights of the Debtors, PBGC, or any statutory committee appointed in these cases or any other party in

interest with respect to the allowance, amount, priority, or treatment of any such claim, including the Debtors' right to object to any such proof of claim on any ground, and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim or Official Form No. 10; (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed; (v) specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and (vii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; it is further

ORDERED that any holder of a claim against the Debtors who is required, but fails, to file a proof of claim for such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as Exhibit B hereto (the "Bar Date Notice"), which Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, on or before June 2, 2006 upon:

a.      the Office of the United States Trustee for the Southern District of New York;

b.      each member of the statutory creditors' committees appointed in these cases and their attorneys;

c.      all known holders of claims and counterparties to executory contracts listed on the Debtors' Schedules at the addresses stated therein;

d.      the District Director of Internal Revenue for the Southern District of New York;

e.      all state and local taxing authorities for the jurisdictions in which the Debtors conduct business;

f.      the Securities and Exchange Commission; and

g.      all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated September 15, 2005) as of the date of the entry of the order approving this Motion;

and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notice as modified for publication as may be necessary (the "Publication Notice") in the publications listed on Exhibit C to the Motion on at least one occasion (i) with respect to domestic publications, on or prior to June 30, 2006; and (ii) with respect to foreign publications, at least twenty-five (25) days prior to the Bar Date, which publications are hereby approved; and it is further

ORDERED that the Debtors be, and they hereby are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which a holder of a claim **not** subject to the Bar Date established herein must file such claim against the Debtors or be forever barred from voting upon any chapter 11 plan for such Debtors, receiving any payment or distribution of property from any Debtors or their successors or assigns with respect of such claim, and asserting such claim against any Debtor, and it is further

~~ORDERED that notwithstanding the fact that the Debtors have scheduled a claim as liquidated and undisputed, the Debtors are not precluded from objecting to any claim, whether scheduled or not; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offset or defense to any claim; and it is further

ORDERED that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a Memorandum of Law with respect to the Motion is hereby waived.

New York, New York
May 19, 2006

<div align="right">

_____   */s/ Allan L. Gropper*_____
UNITED STATES BANKRUPTCY JUDGE

</div>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

In re:

NORTHWEST AIRLINES CORPORATION,
NWA FUEL SERVICES CORPORATION,
NORTHWEST AIRLINES HOLDINGS CORPORATION,
NWA INC.,
NORTHWEST AEROSPACE TRAINING CORP.,
NORTHWEST AIRLINES, INC.,
NWA AIRCRAFT FINANCE, INC.,
MLT INC.,
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES
CARGO, INC.,
NWA RETAIL SALES INC.,
MONTANA ENTERPRISES, INC.,
NW RED BARON LLC, AND
NWA WORLDCLUB, INC.,

                                    Debtors.

Chapter 11

Case No. 05-17930 (ALG)

Jointly Administered

## AMENDED ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

Upon consideration of the motion for entry of an order authorizing Northwest

Airlines Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to Rules

2002(a)(7), 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), fixing a bar date for filing proofs of claim, approving the proposed

proof of claim form, approving the proposed bar date notice, and approving the proposed notice

and publication procedures, all as more fully set forth in the motion (the "Bar Date Motion");

and it appearing that the Court has jurisdiction over this matter, and it appearing that (i)

1

NYLIB5 901784.1

establishment of a date by which creditors must assert claims against the Debtors or be forever barred from voting on any chapter 11 plan or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") and the Bankruptcy Rules, is necessary for the prompt and efficient administration of these chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein, and (ii) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it appearing that due notice of the Bar Date Motion having been provided to the parties entitled to notice of the Bar Date Motion pursuant to that certain Order Establishing Notice Procedures, dated September 15, 2005; and it appearing that no other or further notice need be provided; and upon all matters heretofore before the Court; and upon the Motion, the papers filed in support thereof, and the responses thereto; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to September 14, 2005 (the "Petition Date"), shall file an original, written proof of such claim which substantially conforms to <u>Exhibit A</u> attached to the Motion (the "Proof of Claim"), which form is hereby approved, or Official Form No. 10, so as to be received on or before **August 16, 2006 at 5:00 p.m.** prevailing Eastern Time (the "Bar Date") at the appropriate destination either

2

by mailing such original proof of claim to: United States Bankruptcy Court, Southern District of

New York, Attn: Northwest Airlines Claims Processing, Bowling Green Station, P.O. Box 5005,

New York, New York 10274-5005, or delivered by messenger or overnight courier to: Office of

the Clerk for the United States Bankruptcy Court, Southern District of New York, Re: Northwest

Airlines Claims Processing, One Bowling Green, New York, New York 10004 (together, the

"Northwest Claims Docketing Center"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if **actually**

**received** by the Northwest Claims Docketing Center on or before the Bar Date; and it is further

ORDERED that the Northwest Claims Docketing Center shall **not** accept proofs

of claim sent by facsimile or telecopy; and it is further

ORDERED that the following persons or entities are **not** required to file a proof

of claim on or before the Bar Date:

    i.    any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

    ii.    any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," ~~and~~ (iii) who does not dispute the amount ~~or~~, nature <u>and priority</u> of the claim for such person or entity as set forth in <u>the Schedules and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on</u> the Schedules;

    iii.    any person or entity whose claim has already been paid by the Debtors;

    iv.    any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

    v.    any Debtor in these cases having a claim against another Debtor;

3

vi.     any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor;

vii.     any professionals whose retentions in these chapter 11 cases have been approved by the Court;

viii.     any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date; and it is further; and

ix.     any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend ~~to exercise authority~~ to pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Nothing in this provision shall limit or preclude the Debtors from contesting an employee's claim to wages or benefits under the applicable collective bargaining agreement in grievance proceedings or before the applicable System Board of Adjustment. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

and it is further

ORDERED that the deadline for asserting claims by a co-debtor, surety, or guarantor under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005 is September 15, 2006; and it is further

ORDERED that the last day for any entity asserting a claim by reason of the rejection of an executory contract or unexpired lease is the <u>later</u> of (i) the Bar Date, or (ii) the

4

first business day that is at least thirty (30) calendar days after the entry of any order approving the rejection of the executory contract; and it is further

ORDERED that the last day for any entity asserting a claim arising from the recovery of a voidable transfer to file a claim against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer; and it is further

ORDERED that the last day for any entity asserting a claim arising from the assessment of certain taxes described in section 502(i) of the Bankruptcy Code to file a claim against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claims arise; and it is further

ORDERED that the last day for the filing proofs of claim by "governmental units" (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time; and it is further

ORDERED that if an amendment to the Debtors' Schedules (i) reduces the liquidated amount of a scheduled claim, (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent, (iii) reduces the priority of a scheduled claim, or (iv) changes the Debtor against whom such amount was scheduled, and the affected claimant does not agree with such amendment, the affected claimant who has not already filed a proof of claim in advance of the Bar Date relating to such scheduled claim must file a proof of claim on the later of (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment, or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Debtors' Schedules, but in each instance, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment; and that creditors are not entitled to an extension of the Bar Date if a

5

schedule amendment increases the scheduled amount of an undisputed, liquidated, non-contingent claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and/or 364 of the Bankruptcy Code; and it is further

ORDERED that holders of equity securities of the Debtors need not file a proof of interest, provided however that any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; and it is further

ORDERED that where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim, and provided further that to the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date; and it is further

ORDERED that where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement

6

Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor. For the avoidance of doubt, this paragraph shall apply to the claims of the agents and lenders under the Second Amended and Restated Credit and Guarantee Agreement, dated April 15, 2005, among NWA Corp., certain other of the Debtors, JPMorgan Chase Bank, N.A., as Administrative Agent, and the other financial institutions party thereto as agents and lenders; and it is further

ORDERED that, notwithstanding anything in this Order, the Bar Date Notice, the Bar Date Motion, the Bankruptcy Code or the Bankruptcy Rules to the contrary, for administrative convenience purposes, the filing of any proof of claim by the Pension Benefit Guaranty Corporation ("PBGC") on its own behalf or on behalf of any one or more defined benefit pension plans of any of the Debtors against any of the Debtors shall, except to the extent such proof of claim expressly provides to the contrary, be deemed to be the filing of such proof of claim against each and all of the Debtors in these jointly administered cases; provided, however, except as expressly set forth herein, nothing herein shall affect substantive rights of the Debtors, PBGC, or any statutory committee appointed in these cases or any other party in

7

interest with respect to the allowance, amount, priority, or treatment of any such claim, including the Debtors' right to object to any such proof of claim on any ground, and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim or Official Form No. 10; (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed; (v) specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and (vii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; it is further

ORDERED that any holder of a claim against the Debtors who is required, but fails, to file a proof of claim for such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached ~~to the Motion as Exhibit B~~ hereto (the "Bar Date Notice"), which Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, on or before June ~~26~~, 2006 upon:

8

a.  the Office of the United States Trustee for the Southern District of New York;

b.  each member of the statutory creditors' committees appointed in these cases and their attorneys;

c.  all known holders of claims and counterparties to executory contracts listed on the Debtors' Schedules at the addresses stated therein;

d.  the District Director of Internal Revenue for the Southern District of New York;

e.  all state and local taxing authorities for the jurisdictions in which the Debtors conduct business;

f.  the Securities and Exchange Commission; and

g.  all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated September 15, 2005) as of the date of the entry of the order approving this Motion;

and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notice as modified for publication as may be necessary (the "Publication Notice") in the publications listed on Exhibit C to the Motion on at least one occasion (i) with respect to domestic publications, on or prior to June 30, 2006; and (ii) with respect to foreign publications, at least twenty-five (25) days prior to the Bar Date, which publications are hereby approved; and it is further

9

ORDERED that the Debtors be, and they hereby are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which a holder of a claim **not** subject to the Bar Date established herein must file such claim against the Debtors or be forever barred from voting upon any chapter 11 plan for such Debtors, receiving any payment or distribution of property from any Debtors or their successors or assigns with respect of such claim, and asserting such claim against any Debtor, and it is further

~~ORDERED that notwithstanding the fact that the Debtors have scheduled a claim as liquidated and undisputed, the Debtors are not precluded from objecting to any claim, whether scheduled or not; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offset or defense to any claim; and it is further

ORDERED that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a Memorandum of Law with respect to the Motion is hereby waived.

Dated:  May 22, 2006
       New York, New York


                              _/s/ Allan L. Gropper_____
                             UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT THREE
## U S B C - Southern District of New York
## Case No. 05-17930
### May 22, 2006 Notice of Bar Date Requiring Filing of
### Proofs of Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————x

| | |
|---|---|
| In re: : | **Chapter 11** |
| : | |
| NORTHWEST AIRLINES CORPORATION, : | **Case No. 05-17930 (ALG)** |
| NWA FUEL SERVICES CORPORATION, : | |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, : | **Jointly Administered** |
| NWA INC., : | |
| NORTHWEST AEROSPACE TRAINING CORP., : | |
| NORTHWEST AIRLINES, INC., : | |
| NWA AIRCRAFT FINANCE, INC., : | |
| MLT INC., : | |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES : | |
| CARGO, INC., : | |
| NWA RETAIL SALES INC., : | |
| MONTANA ENTERPRISES, INC., : | |
| NW RED BARON LLC, AND : | |
| NWA WORLDCLUB, INC., : | |
| : | |
| Debtors. : | |
| : | |

## NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on [——],May 19, 2006, the Court entered an order (the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), and NWA Worldclub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth

below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

### 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in sections 2 or 3 below. Acts or omissions of the Debtors that arose on or before the Petition Date, may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### 2.    WHO SHOULD NOT FILE A PROOF OF CLAIM

You should not file a proof of claim if:

a.    You have **already** properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

b.    Your claim is listed on the Debtors' Schedules (as defined below), is **not** described as "disputed," "contingent," or "unliquidated," **and** you do not dispute the amount or, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

c.    You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d.    Your claim has already been paid by the Debtors;

e.    You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

f.    You are a Debtor in these cases and you have a claim against another Debtor;

g.    You are a professional whose retention in these chapter 11 cases has been approved by the Court; or

h.    You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

i.    You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

j.    You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that it does not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3.    **SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in

respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

~~Holders of equity securities of the Debtors need not file a proof of interest. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date.~~

~~Any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005 need not file a claim for such amounts, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend to exercise authority to pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members~~

4.    **WHEN AND WHERE TO FILE**

Except as provided for herein, proofs of claim must be filed so as to be received **on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006,** at the following address (the "Northwest Claims Docketing Center"):

**IF SENT BY MAIL**
United States Bankruptcy Court,
Southern District of New York
Attn: Northwest Airlines Claims Processing
Bowling Green Station, P.O. Box 5005
New York, New York 10274-5005

**IF SENT BY MESSENGER OR OVERNIGHT COURIER**
Office of the Clerk of the United States Bankruptcy Court
Southern District of New York
Re:  Northwest Airlines Claims Processing,
One Bowling Green, New York, New York 10004

Note that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Docketing Center on or before the Bar Date. **Proofs of claim may not be delivered by facsimile or telecopy**.

5.    **WHAT TO FILE**

If you file a proof of claim, your filed proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim.  If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE ~~FOREVER~~ BARRED, ~~ESTOPPED, AND ENJOINED~~ FROM ASSERTING SUCH CLAIM ~~(OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM)~~ AGAINST THE DEBTORS ~~AND THE DEBTORS AND THEIR~~

~~PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM~~, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required. If you have not filed your proof of claim yet, please file it with the Claims Agent only; please do not file your proof of claim with the Court or attempt to do so by sending it to Debtors' counsel.

A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services, LLC at (866) 715-0768.

Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

Bankruptcy Services, LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

7.     **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

Northwest Airlines Corporation ("NWA Corp") – Case No. 05-17930

NWA Fuel Services Corporation ("NFS") - Case No. 05-17925

Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17938

NWA Inc. ("NWA Inc.") - Case No. 05-17940

Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944

Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933

MLT Inc. ("MLT") - Case No. 05-17948

Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo") - Case No. 05-17949

NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17950

Montana Enterprises, Inc. ("Montana") - Case No. 05-17952

NW Red Baron LLC ("Red Baron") - Case No. 05-17953

Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17955

NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956

NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287

~~This notice is only a summary of the Bar Date Order.~~ All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York
—————————,May 22, 2006

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
Nathan A. Haynes (NH 4955)
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- and -

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

NYLIB5 901777.1

# EXHIBIT FOUR
## U S B C - Southern District of New York
## Case No. 05-17930
### Affidavits of Publication

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Debtors and Debtors In Possession
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

- and-

Mark C. Ellenberg (ME 6927)
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | |
|---|---|
| **In re:** | : **Chapter 11** |
| | : |
| **NORTHWEST AIRLINES CORPORATION, et al.,** | : **Case No. 05-17930 (ALG)** |
| **Debtors.** | : **Jointly Administered** |

------------------------------------------------------------------x

**AFFIDAVITS OF PUBLICATION WITH RESPECT TO THE AMENDED**
**ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING**
**PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE**
**NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES**

> **PLEASE TAKE NOTICE** of the filing of the attached Affidavits of Publication (the "Affidavits") in connection with the publication of the Bar Date Notice for Northwest Airlines Corporation and its affiliated entities, as debtors and debtors in possession, in accordance with the Bankruptcy Court's Amended Order Fixing Bar Date For Filing Proofs Of Claim, Approving Proposed Proof Of Claim Form, Approving Proposed Bar Date Notice And Approving Proposed Notice And Publication Procedures, dated May 22, 2006 (Docket No. 2607).

> **PLEASE TAKE FURTHER NOTICE** that the Bar Date Notice was published in the following newspapers on the following dates, (i) June 28, 2006, New York Times (Exhibit A hereto); (ii) June 28, 2006, Wall Street Journal (Exhibit B hereto); (iii) June 28, 2006, USA Today (Exhibit C hereto); (iv) June 28, 2006, Detroit News and Free Press (Exhibit D hereto); (v) June 28, 2006, Minneapolis Star Tribune (Exhibit E hereto); (vi) June 28, 2006, Memphis Commercial Appeal (Exhibit F hereto); (vii) June 28, 2006, De Telegraaf (English & Dutch) (Exhibit G hereto); (viii) June 28, 2006, Financial Times (Exhibit H hereto); (ix) June 28, 2006, International Herald Tribune (Exhibit I hereto); (x) June 29, 2006,

Ashai Shimbun (Japanese) (Exhibit J hereto); and (xi) July 3, 2006, Ashai Shimbun (English) (Exhibit K hereto).

Dated: New York, NY
       April 18, 2007

                                        /s/ Gregory M. Petrick
                                        Bruce R. Zirinsky (BZ 2990)
                                        Gregory M. Petrick (GP 2175)
                                        CADWALADER, WICKERSHAM & TAFT LLP
                                        One World Financial Center
                                        New York, New York 10281
                                        Telephone: (212) 504-6000
                                        Facsimile:  (212) 504-6666

                                        -and-

                                        Mark C. Ellenberg (ME 6927)
                                        CADWALADER, WICKERSHAM & TAFT LLP
                                        1201 F Street, N.W., Suite 1100
                                        Washington DC 20004
                                        Telephone:  (202) 862-2200
                                        Facsimile:  (202) 862-2400
                                        Attorneys for the Debtors and Debtors-in-Possession

# EXHIBIT A



**NYT**

229 WEST 43RD STREET • NEW YORK, NY 10036-3959

SEC. C  PG. 11

## CERTIFICATION OF PUBLICATION

JUN 3 0 2006 _____ 20 _____

DEBRA BARNING

I, _____ , in my capacity as a Principal Clerk
of the Publisher of **The New York Times** a daily newspaper of general
circulation printed and published in the City, County and State of New
York, hereby certify that the advertisement annexed hereto was published
in the editions of **The New York Times**  on the following date or dates,
to wit on

_____

JUN 2 8 2006 _____ 20 _____

Approved:

THIS CERTIFICATION
NOT VALID
WITHOUT NYT RAISED SEAL



# EXHIBIT B



STATE OF TEXAS        )
                                )  ss:
CITY AND COUNTY OF DALLAS)


I, <u>Glenn Hellums Jr.</u>, being duly sworn, depose and say that I am the Advertising Clerk

of the Publisher of <u>THE WALL STREET JOURNAL</u> , a daily national newspaper

published and of general circulation in the City and County of New York, New York,

City of Naperville, DuPage County, Illinois, and in the city and County of Dallas, Texas

and that the attached Notice has been regularly published in <u>THE WALL STREET</u>

<u>JOURNAL</u> for national distribution for <u>one</u> insertion(s) on the following date(s): <u>6/28/06</u>

at the request of advertiser: <u>Northwest Airlines</u> and that the foregoing statements are true

and correct to the best of my knowledge, information, and belief.

Sworn to before me this

28th day of *June* 20*06*

Notary Public

❖ BANKRUPTCIES ❖

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| NORTHWEST AIRLINES CORPORATION, | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17931 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17932 (ALG) |
| NWA INC., | Case No. 05-17933 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17934 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-18287 (ALG) |
| MLT INC., | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES | |
| CARGO, INC., | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTORS OR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006), the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc., ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**

   You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

   Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**

   You should not file a proof of claim if:

   a. You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

   b. Your claim is listed in the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which your claim is listed on the Schedules;

   c. You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

   d. Your claim has already been paid by the Debtors;

   e. You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

   f. You are a Debtor in these cases and you have a claim against another Debtor;

   g. You are a professional whose retention in these chapter 11 cases has been approved by the Court;

   h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date.

   You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor for damages arising from the purchase or sale of such a security, will be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

   You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and) with respect to benefit claims, any spouse or beneficiary thereof) and labor unions (representing such employees solely with respect to any claim based on the payment of wages, salaries and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the process for such grievances arose on or prior to the Petition Date; provided, however that labor unions may file claims invoking such grievances on behalf of their respective members.

   YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**

   For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is 30 calendar days after the entry of the order authorizing rejection.

   For claims arising from recovery by the Debtors of estate property transferred to you by the Debtor(s) on or prior to the Petition Date (as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

   For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is thirty (30) calendar days after the date the relevant tax claim arises.

---

Notwithstanding anything in the Bankruptcy Code, the last day to file a proof of claim is September 15, 2005.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds or notes for which such indenture trustee acts as proof of claim provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more debtors ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise credit party, the Agent may file a single proof of claim on account of all amounts owing to all of the creditors under such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims provided, that such administrative Agent (or, if there is no administrative agent, an Agent provided, that such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that an Agent or a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof of claim it files (including any related documents but not in foregoing of) only the attachment of copies of any credit agreement-related documents (but not including promising not save to counsel) to the Debtors if requested to do so by such counsel and (ii) if a single proof of claim covering the claims being asserted against all of the Debtors that such agent asserts are liable thereon rather than a separate proof of claim against each Debtor, provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**

   Each proof of claim must be filed so as to be received on or before 5:00 p.m. prevailing Eastern Time, on August 16, 2006, at the following address:
   Northwest Claims Docketing Center

   **IF SENT BY MAIL**                    **IF SENT BY MESSENGER OR OVERNIGHT COURIER**
   United States Bankruptcy Court          Clerk of the Clerk of the
   Southern District of New York           United States Bankruptcy Court
   Attn: Northwest Claims Docketing Center Southern District of New York
   Bowling Green Station                   One Bowling Green, Room 534
   New York, New York 10274-1225           New York, New York 10004

   Note that proofs of claim will be deemed filed only when actually received by the Northwest Claims Docketing Center before the Bar Date. Proofs of claim may not be delivered by facsimile or email.

5. **WHAT TO FILE**

   [illegible]

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

   [illegible]

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

   [illegible]

8. **RESERVATION OF RIGHTS**

   [illegible]

ALL CLAIMANTS SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

DEBTOR NAME (CASE NUMBER AND TRADE NAMES, IF ANY)

[illegible listing of debtor names and case numbers]

BY ORDER OF THE COURT
Dated: New York, New York

Counsel for the Debtors and Debtors in Possession

# **EXHIBIT C**



7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400



## VERIFICATION OF PUBLICATION

### COMMONWEALTH OF VIRGINIA
### COUNTY OF FAIRFAX

Being duly sworn Eric Morgan says that he is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on <u>Wednesday, June 28, 2006</u> the following advertisement- <u>In re: NORTHWEST AIRLINES CORPORATION</u> was published in **USA TODAY DOMESTIC.**

Principal Clerk of USA TODAY
Friday, July 07, 2006

Subscribed and sworn to before me
This ___ day of _____ month
_____ year.

_____
Notary Public

My Commission Expires September 30, 2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | : | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | : | Case No. 05-17925 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | : | Case No. 05-17928 (ALG) |
| NWA INC., | : | Case No. 05-17940 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | : | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | : | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | : | Case No. 05-19287 (ALG) |
| MLT INC., | : | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | : | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | : | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | : | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | : | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | : | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | : | Case No. 05-17956 (ALG) |
| Debtors. | : | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass"), NWA Retail Sales Inc. ("NWA Retail Sales"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**

You should not file a proof of claim if:
    a. You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;
    b. Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;
    c. You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;
    d. Your claim has already been paid by the Debtors;
    e. You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;
    f. You are a Debtor in these cases and you have a claim against another Debtor;
    g. You are a professional whose retention in these chapter 11 cases has been approved by the Court;
    h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;
    i. You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from purchase or sale of a security of a Debtor or an affiliate of a Debtor for damages arising from the purchase or sale of a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or
    j. You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit orders approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such claims, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, other employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005; provided however that labor unions may file a claim herein for such grievances on behalf of their respective members.

YOU SHOULD ALSO FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 505(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 2002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are based exclusively on claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim, provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loans or credit agreements (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof of proofs of claim filed by it in accordance with the foregoing, (i) with the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts as liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**

Except as provided herein, proofs of claim must be filed so as to be received on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006, at the following address (the "Northwest Claims Docketing Center"):

| IF SENT BY MAIL | IF SENT BY MESSENGER OR OVERNIGHT COURIER |
|---|---|
| United States Bankruptcy Court, Southern District of New York | Office of the Clerk of the United States Bankruptcy Court |
| Attn: Northwest Airlines Claims Processing | Southern District of New York |
| Bowling Green Station, P.O. Box 5065 | Re: Northwest Airlines Claims Processing |
| New York, New York 10274-5065 | One Bowling Green, New York, New York 10004 |

Note that proofs of claim will be deemed timely filed only if actually received by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or telecopy.

5. **WHAT TO FILE**

If you file a proof of claim, your filed proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete a separate proof of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.

A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claims in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services LLC at (866) 715-0768.

Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at http://ecf.nysb.uscourts.gov (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

Bankruptcy Services LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

7. **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

Northwest Airlines Corporation ("NWA Corp.") - Case No. 05-17930; NWA Fuel Services Corporation ("NFS") - Case No. 05-17925; Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17928; NWA Inc. ("NWA Inc.") - Case No. 05-17940; Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933; MLT Inc. ("MLT") - Case No. 05-17948; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass") - Case No. 05-17949; NWA Retail Sales Inc. ("NWA Retail Sales") - Case No. 05-17950; Montana Enterprises, Inc. ("Montana") - Case No. 05-17952; NW Red Baron LLC ("Red Baron") - Case No. 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17955; NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956.

All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York    June 27, 2006

| CADWALADER, WICKERSHAM & TAFT LLP | Mark C. Ellenberg (ME 6927) |
| Bruce R. Zirinsky (BZ 2990) | 1201 F Street N.W., Suite 1100 |
| Gregory M. Petrick (GP 2175) | Washington, DC 20004 |
| Nathan A. Haynes (NH 6955) | Telephone: (202) 862-2200 |
| One World Financial Center | Facsimile: (202) 862-2400 |
| New York, New York 10281 | - and - |

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST AIRLINES | ) | Case No. 05-17390 (ALG) |
| | ) | *et al* |
| Debtors | ) | |

AFFIDAVIT OF PUBLICATION

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) |
| COUNTY OF NEW YORK | ) |

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the Marketing Director of Porte Advertising, Inc., and that I arranged for the publication of the attached notice in *The Detroit News and Free Press* on June 28, 2006.

The foregoing statements are true and correct to the best of my knowledge, information and belief.

_____
Paul C. Mesches

Sworn to me this
31st day of AUGUST 2006.

_____
Notary Public

MARIAH DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 2010



... STATES BANKRUPTCY COURT
... ERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHWEST AIRLINES CORPORATION, | Chapter 11 |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17930 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17925 (ALG) |
| NWA INC., | Case No. 05-17938 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17940 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17944 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-17933 (ALG) |
| MLT INC., | Case No. 05-17937 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | Case No. 05-17948 (ALG) |
| NWA RETAIL SALES INC., | Case No. 05-17949 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17950 (ALG) |
| NW RED BARON LLC, | Case No. 05-17952 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | Case No. 05-17953 (ALG) |
| NWA WORLDCLUB, INC., | Case No. 05-17955 (ALG) |
| | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 1 below):

[remainder of page too faded/illegible to transcribe reliably]

# EXHIBIT E

STATE OF MINNESOTA )
       )ss.       **AFFIDAVIT OF PUBLICATION**
COUNTY OF HENNEPIN )

<u>Linda St. Clair</u>, being duly sworn, on oath says  She is and during all times herein stated has been an employee of the Star Tribune, a subsidiary of McClatchy Company, 425 Portland Avenue, Minneapolis, Minnesota 55488, publisher and printer of the Star Tribune newspaper (the "Newspaper"), published 7 days a week, and has full knowledge of the facts herein stated as follows:

1..(a) The Newspaper is printed in the English language in newspaper format and in column and sheet form equivalent in printed space to at least 1,000 square inches;
 (b) The Newspaper is printed daily and distributed at least five days each week;
 (c) In at least half of its issues each year, the Newspaper has no more than 75 percent of its printed space comprised of advertising material and paid public notices.  In all of its issues each year, the Newspaper has not less than 25 percent of its news columns devoted to news of local interest to the community which it purports to serve.  Not more than 25 percent of the Newspaper's non-advertising column inches in any issue duplicates any other publication;
 (d) The Newspaper is circulated in the local public corporation which it purports to serve, and has at least 500 copies regularly delivered to paying subscribers;
 (e) The Newspaper has its known office of issue established in either the county in which it lies, in whole or in part, the local public corporation which the Newspaper purports to serve, or in an adjoining county;
 (f) The Newspaper files a copy of each issue immediately with the state historical society;
 (g) The Newspaper is made available at single or subscription prices to any person, corporation, partnership, or other unincorporated association requesting the Newspaper and making the applicable payment;
 (h) The Newspaper has complied with all the foregoing conditions for at least one year immediately preceding the date of the notice publication which is the subject of the Affidavit; and
 (i) Between September 1 and December 31 of each year, the Newspaper publishes and submits to the secretary of state, along with a filing fee of $25, a sworn United States Post Office periodical class statement of ownership and circulation.

2. The printed copy of the matter attached hereto (the "Notice") was cut from the columns of the Newspaper and was printed and published in the English language, on the following days and dates: <u>**Wednesday, June 28, 2006.**</u>
3. Except as otherwise directed by a particular statute requiring publication of a public notice, the Notice was printed in a type face no smaller than six point with a lowercase alphabet of 90 point.
4. The fees for publication are as follows:
 (a) The maximum rate currently allowed by law for publication of a public notice in the Newspaper is $<u>4.75</u>;
 (b) The lowest classified rate currently paid by commercial users for comparable space in the Newspaper is $<u>8.59</u>; and;
 (c) The rate actually charged for publication of the Notice was $<u>2,949.75</u>

*Linda St Clair*

Subscribed and sworn to before me
on July 3, 2006

Notary Public

WILMA L. FINN
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2010





# EXHIBIT F

## AFFIDAVIT OF DISTRIBUTION

STATE OF _TN_                )

COUNTY OF _Shelby_        )

CITY OF _Memphis_        )

I, _Lucianne Halmes_ being duly sworn on oath now and during all times herein stated, have been the publisher and designated agent of the publication known as,

_The Commercial Appeal_ ("Publication")

and have full knowledge of the facts herein stated as follows:

The ~~insert~~ Ad for _Northwest Airline Legal Notice_ ("Ad/Advertiser") with Insertion Order No. _947319901_ was distributed to the Publication's full circulation on the _28th_ day of _June_, 200_6_

By: _Lucianne Halmes_

Subscribed and sworn to before me this _27th_ day of _July_, 200_6_

_____
Notary Public

MY COMMISSION EXPIRES NOV. 30, 2008

Notary Seal:

KAY C. PRIVETT
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SHELBY COUNTY



# **EXHIBIT G**

# PUBLICITAS NORTH AMERICA

*261 Madison Avenue, 7TH Floor*
*New York, NY 10016*
*Tel. (212) 599-5057 Fax (212) 599-8298*

*July 6, 2006*

**PORTE ADVERTISING**
**PAUL MESCHES**
**57 WEST 38TH STREET**
**NEW YORK, N.Y. 10018**

### RE: BANKRUPTCY SERVICES

*To whom it may concern:*

*In our capacity as exclusive U.S. representative for the publication, **DE TELEGRAAF**, we confirm the insertion on **28 JUN 06** of an advertisement entitled **Re: NORTHWEST AIRLINES** on behalf of the above listed client.*

**PUBLICITAS/NORTH AMERICA**

*James Allen*
*Traffic Coordinator*

woensdag 28 juni 2006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                          Chapter 11
NORTHWEST AIRLINES CORPORATION, et al.                          Case No. 05-17930 (ALG)
NWA FUEL SERVICES CORPORATION,                                  Case No. 05-17923 (ALG)
NORTHWEST AIRLINES HOLDINGS CORPORATION,                        Case No. 05-17938 (ALG)
NWA INC.,                                                       Case No. 05-17930 (ALG)
NORTHWEST AEROSPACE TRAINING CORP.,                             Case No. 05-17940 (ALG)
NORTHWEST AIRLINES, INC.,                                       Case No. 05-17933 (ALG)
NWA AIRCRAFT FINANCE, INC.,                                     Case No. 05-17937 (ALG)
MLT INC.,                                                       Case No. 05-17944 (ALG)
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC.,    Case No. 05-17935 (ALG)
NWA RETAIL SALES INC.,                                          Case No. 05-17936 (ALG)
MONTANA ENTERPRISES, INC.,                                      Case No. 05-17931 (ALG)
NW RED BARON LLC,                                               Case No. 05-17942 (ALG)
AIRCRAFT FOREIGN SALES, INC., AND                               Case No. 05-17915 (ALG)
NWA WORLDCLUB, INC.,                                            Case No. 05-17916 (ALG)
Debtors.                                                        Jointly Administered

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR
BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTORS (the Debtors as listed in Paragraph 7 below):

[The remainder of this page consists of a dense, small-print bankruptcy bar date notice. The body text is not legibly resolvable at this image resolution.]

1. WHO MUST FILE A PROOF OF CLAIM

2. WHO SHOULD FILE A PROOF OF CLAIM

3. SPECIAL CLAIMS

4. WHEN AND WHERE TO FILE

5. WHAT TO FILE

6. THE DEBTORS' SCHEDULES AND ACCESS THERETO

7. DEBTOR NAME, CASE NUMBER & TRADE NAMES

CADWALADER, WICKERSHAM & TAFT LLP

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

# EXHIBIT H

## AFFIDAVITS

**IN THE MATTER OF:**        NORTHWEST AIRLINES CORPORATION

**STATE OF NEW YORK:** }

                **ss:** }

**COUNTY OF NEW YORK:** }

I, Tim Hart, being duly sworn, hereby certify that (a) I am the Vice President - Financial Advertising of FT Publications, Inc., Publisher of the FINANCIAL TIMES, a daily newspaper general circulation in the City and County of New York, and (b) that the Notice of which the annexed is a copy was published in the said FINANCIAL TIMES in London,Frankfurt, Paris, Sweden and Madrid on the

**28th day of June 2006**

Tim Hart

**VICE-PRESIDENT OF ADVERTISING -FINANCIAL ADVERTISING:**

**SWORN TO BEFORE ME THIS:**

Hope Kaye

**NOTARY PUBLIC**

HOPE KAYE
Notary Public, State of New York
No. 31-4944197
Qualified in New York County
Commission Expires 11/11/2006



# __EXHIBIT I__



**Herald INTERNATIONAL Tribune.**

PUBLISHED BY THE NEW YORK TIMES

229 WEST 43RD STREET, NEW YORK, NY 10036, USA
PHONE: (212) 556-7707  FAX: (212) 556-7706

**DECLARATION OF PUBLICATION**

**NOTICE Northwest Airlines Corporation**

The undersigned says:

I am over the age of 18 years and a citizen of the United States.
I am not a party to and have no interest in this matter. I am a principal
of the International Herald Tribune, a newspaper published in Paris,
France and circulated in major cities in Europe, North Africa, the Middle
East. Far East and the Americas. The notice, a true copy of which is attached,
was published on the following date(s):

June 28, 2006

I declare under penalty that the forgoing is true and correct.

Executed in New York, N.Y. on June 28, 2006

Judith King, Legal Notice Manager

Sworn before me on this **28th** day of **June** 2006 in the state of New York.

Notary Public

**DEBORAH BESHAW**
**Notary Public, State of New York**
**No. 01BE5076817**
**Qualified in Kings County**
**Certificate on file in New York County**
**Commission Expires April 21, 2007**



International Herald Tribune
Wednesday, June 28, 2006    17

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST AIRLINES | ) | Case No. 05-17390 (ALG) |
| | ) | *et al* |
| Debtors | ) | |

AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK     )
                                        )
COUNTY OF NEW YORK   )

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the
Marketing Director of Porte Advertising, Inc., and that I arranged for the
publication of the attached notice in *Ashai Shimbun* (Japanese Language) on June
29, 2006.

The foregoing statements are true and correct to the best of my knowledge,
information and belief.

_____
Paul C. Mesches

Sworn to me this

31st day of August 2006.

_____
Notary Public

MARIAN DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 20 10

連邦破産裁判所

| | | |
|---|---|---|
| 件名: | : | 連邦破産法第11章 |
| NORTHWEST AIRLINES CORPORATION, | : | 案件番号 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | : | 案件番号 05-17925 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | : | 案件番号 05-17938 (ALG) |
| NWA INC., | : | 案件番号 05-17940 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | : | 案件番号 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | : | 案件番号 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | : | 案件番号 05-19287 (ALG) |
| MLT INC., | : | 案件番号 05-17948 (ALG) |
| COMPASS AIRLINES, INC. | : | |
| (前NORTHWEST AIRLINES CARGO, INC.), | : | 案件番号 05-17949 (ALG) |
| NWA RETAIL SALES INC., | : | 案件番号 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | : | 案件番号 05-17952 (ALG) |
| NW RED BARON LLC, | : | 案件番号 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. および | : | 案件番号 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | : | 案件番号 05-17956 (ALG) |
| 債務者 | : | 共同実施 |

**2006年8月16日午後5時00分(米国東部時間)またはそれ以前に支払請求証明の申請を求める開廷日に関する通知**

(上記のいずれかの債務者(下記の第7条に記載)に対して請求を行なう個人または事業体対象):

まず注意していただきたいのは、2006年5月19日に出された裁判所命令(2006年5月22日に修正、以下「開廷日命令」とする)によって、**2006年8月16日午後5時00分(東部時間)**(以下「開廷日」とする)が支払請求証明の申請の最終的な期限とされている点である。ここで、請求の対象となっているのは、Northwest Airlines Corporation(以下「NWA Corp.」)、NWA Fuel Services Corporation(以下「NFS」)、Northwest Airlines Holdings Corporation(以下「Holdings」)、NWA Inc.(以下「NWA Inc.」)、Northwest Aerospace Training Corp.(以下「NATCO」)、Northwest Airlines, Inc.(以下「Northwest Airlines」)、NWA Aircraft Finance, Inc.(以下「Aircraft Finance」)、MLT Inc.(以下「MLT」)、Compass Airlines, Inc. 前Northwest Airlines Cargo, Inc.(以下「Compass」前「Cargo」)、NWA Retail Sales Inc.(以下「NWA Retail」)、Montana Enterprises, Inc.(以下「Montana」)、NW Red Baron LLC(以下「Red Baron」)、Aircraft Foreign Sales, Inc.(以下「ForeignSales」)、そしてNWA Worldclub, Inc.(以下「WorldClub」)とする(以上まとめて「債務者」)。現在及び以前の社名も含めて、債務者名簿を下記に規定する。開廷日ならびに下記で規定された支払請求証明の申請手順は、2005年9月14日またはそれ以前に申請されたすべての請求に対して適用される。

1. **支払請求証明を申請すべき者**

2005年9月14日(以下「請願日」)またはそれ以前に請求を申請し、その請求が下記の第2条の規定にあてはまらない場合、支払請求証明を届け出なければならない。請願日またはそれ以前の債務者による行動あるいは無行動が、請求額が請願日以前に満期を迎えていない場合、確定していない場合、あるいは清算されていない場合を問わず、債務者に対する支払請求の誘引となりうる。

連邦破産法第101(5)条に基づき、本文でも用いられているように、「請求」とは次のことを意味する:(a)支払に対して裁判、清算、未清算、確定、不確定、満期、満期未満、係争中、非係争中、合法、公平、保証、または非保証に至るかどうかにかかわらず認められている権利;または、(b)作業不履行に対する公平な救済権。当該不履行によって支払権が発生する場合、その公平救済権が、裁判、清算、未清算、確定、不確定、満期、満期未満、係争、非係争、保証、または非保証に至るかどうかにかかわらず認められている。

2. **支払請求証明を申請すべきでは<u>ない</u>者**

次の場合は支払請求を行なうべきでは<u>ない</u>:

a. 本件用に作成された支払請求証明用紙、または公式用紙第10号に適合する請求用紙を使い、<u>すでに</u>適切な手段で、ニューヨーク州南部地区連邦破産裁判所の書記官に、債務者に対する支払請求証明を届け出ている場合;

b. その請求が、債務者表(下記で定義)に表記されており、「係争中」、「不確定」、「未清算」と分類されて<u>おらず</u>、<u>なおかつ</u>、債務者表に規定されたように請求額、請求の性質、および優先順位について論争する意思がなく、さらに、特定の債務者に対して、表に記載されている当該請求の支払いは、その債務者の義務であると議論する意思がない場合;

c. 債務者の連邦破産法第11章の裁判費用として、連邦破産法第503条、第507(a)条、第330(a)条、第331条、または第364条に基づいて請求を申請済みの場合;

d. 債務者によって請求額がすでに支払われた場合;

e. 請求者が現在、債務者の取締役、役員または従業員であり、補償、貢献、保険代位、あるいは返済を目的として債務者に請求を行う場合;

f. 請求者が債務者の一員であり、他の債務者に対して請求を起こしている場合;

g. 請求者が専門職保持者であり、裁判所によって連邦破産法第11章における保有額が認められている場合;

h. 開廷日またはそれ以前に、裁判所命令により支払請求の申請が認められている場合;

i. …の充当によって被った損害に対し、債務者または債務者の提携先からの証券の売買を解除する請求を含む)、開廷日またはそれ以前に、債務者の財産に対して支払請求証明を申請しなければならない。

j. 請求者が、包括的労働協約や(福利厚生請求に関しては、記備者またはそのいかなる受益者も含む)労働組合の雇用条件に従った雇用体系を持つ債務者のもとで現在または過去に働いた経験があり、その労働組合が、2005年9月15日に裁判所が承認した初日賃金及び福利厚生命令のもと、裁判所命令によって支払いが認可されている賃金、報酬、福利厚生に基づくすべての請求に関して従業員を代表している場合、当該の金額に対して支払請求手続きをとる必要はない。ただし債務者が、支払請求に応じる意図がない旨を述べた書面による通知を請求者ならびに請求者の労働組合に送ってきた場合はこの限りではない。この場合請求者は、(i)開廷日、または(ii)書面による通知を受け取ってから30日目のいずれか遅い方の日付までに支払請求証明を申請しなければならない。また上述の内容にかかわらず、(現在または過去の)従業員、あるいはその労働組合のいずれかは、開廷日よりも前に、2005年9月15日以前に発生した苦情の理由の範囲内で苦情申し立て請求を申請しなければならない。ただし、労働組合が組合員のために、そうした苦情申し立ての内容が盛り込まれた請求書を申請できる。

債務者に対する請求事項がなかったり、請願日に出した請求額をすでに受理した場合は、支払請求証明を申請してはならない。

3. **特殊請求**

連邦破産法第365条で定められた未履行契約あるいは有効期限内にある賃貸契約の拒否に由来する請求に関しては、支払請求証明を申請できる期限は、(i)開廷日または、(ii)拒否承認命令が出されてから少なくとも参拾(30)暦日経過した最初の営業日の、いずれか遅い方の日付とする。

請願日またはそれ以前に「無効とし得る移譲」として債務者から請求者へ移譲された財産の、債務者による復旧に由来する請求に関し、支払請求証明を申請できる期限は、(i)開廷日あるいは、(ii)裁判所命令または移譲取消し判決が出されてから少なくとも参拾(30)暦日経過した最初の営業日の、いずれか遅い方の日付とする。

連邦破産法第502(i)条で定められた課税査定額に由来する請求に関し、支払請求証明を申請できる期限は、(i)開廷日あるいは、(ii)関連した納税請求が出されてから少なくとも参拾(30)暦日経過した最初の営業日の、いずれか遅い方の日付とする。

共同債務者により起される請求に関しては、連邦破産法第501(b)条の規定に従い、保証人が支払請求証明を申請できる期限を2006年9月15日とする。

破産規則3002(c)(1)条に基づき、政府機関(連邦破産法第101(27)条に規定)が支払請求証明を申請できる期限は、2006年8月16日午後5時00分(東部時間)とする。

開廷日命令には、連邦破産法第503条、第507(a)(1)条、第507(b)条、第330(a)条、第331条、または第364条のもとで発生する法廷費用の支払いに関し、いかなる期限も指定していない。

適用される正式契約書のもとに契約受託者が存在し、その請求が債務者とつながりのある元金や利子に限定されている事業体の場合は、支払請求証明を申請する必要はない。ただし契約受託者または公債証書所有者が、公債証書における元金や利子の支払請求以外に、債務証書に由来した、あるいは債務証書に関連した請求を行なう限り、その当事者は、開廷日またはそれより前に、支払請求証明を申請しなければならない。

債務者が借り主、保証人、または契約上の責任を持つ当事者となっている借入または信用契約のもとで複数の代行機関(以下「代行機関」)が存在する場合、そうした借入や信用契約のもと、あるいは借入や信用契約に関して元金、利子、費用、経費、および他の負債額に関する請求(以下まとめて「信用契約請求」)を行なっている事業体は、当該信用契約請求に関連して支払請求証明を申請する必要はない。ただし、当該申請代行機関(あるいは申請代行機関がいない場合は、その目的のために任命された代行機関)、上記の信用契約請求に関して支払請求証明を届け出なければならない。信用契約請求の申請者が、債務者に対して信用契約請求以外の請求を行なう場合、当該申請者は、そうした請求に関連し、開廷日またはそれ以前に支払請求証明を申請する義務がある。いかなる代行機関も、前述事項に従って申請した支払請求証明(一件または複数)に関連し、次の事項が許可されている。(i)請願前の負債関係書類のコピーの添付書類を割愛すること(ただし債務者の弁護士が要求する場合、同書類を当該弁護士に迅速に提供する)、および(ii)上記代行機関に法的責任が伴うことを条件とし、(各債務者に別々の支払請求証明を申請する代わりに)すべての債務者に対する請求を一件の支払請求証明として申請すること。ただし同支払請求証明には、各債務者が明記されていなければならない。

4. **申請の日時と場所**

本文で特に指定がない限り、支払請求証明は**2006年8月16日午後5時00分(東部時間)**またはそれ以前に、下記の住所(以下「ノースウエスト請求案件記録センター」)に送付、かつ受理されなければならない:

| <u>郵送の場合</u> | <u>メッセンジャーまたは宅配便で送る場合</u> |
|---|---|
| United States Bankruptcy Court | Office of the Clerk of the |
| Southern District of New York | United States Bankruptcy Court |
| Attn: Northwest Airlines Claims Processing | Southern District of New York |
| Bowling Green Station, P.O. Box 5005 | Re: Northwest Airlines Claims Processing |
| New York, New York 10274-5005 | One Bowling Green, New York, New York 10004 |

注意：支払請求証明は、開廷日またはそれより前にノースウエスト請求案件記録センターで<u>実際に受理された</u>場合にのみ、予定通りに申請処理されるものとする。支払請求証明のファックスや写真電送による送付は受け付けていない。

支払請求証明を申請する場合、申請書類は(i)英語で表記されており、(ii)請願日における米国の正…明記され、(iii)本件専用に作成された支払請求証明用紙または公式用紙第10号に実質的に適合し、(iv…求に関するすべての書類を扱っている担当者が作成したものでなければならない。

申請された支払請求証明には、請求の対象となる債務者が明記されていなければならない。同じ請…の上述債務者に対して行なう場合は、各債務者に対して、別個の支払請求証明を作成しなければならな…さらに、異なる事実や環境に基づき、異なる請求を異なる債務者に対して行なう場合も、それぞれ個…請求証明を作成するものとする。

支払請求証明のほかに、今回の請求の根拠となった文書があれば、そのコピーを添付する。

上記の第2条および第3条で規定された請求に関する場合を除き、債権者が債務者に対して起してい…いは起したいとする請求について、2006年8月16日またはそれ以前に支払請求証明の申請を行なわ…場合、当該請求を債務者に対して申請することはできない。また、連邦破産法第11章に対する投票…第11章に基づく請求額の配分授与、請求に関するさらなる通知の対象外となる。

本通知が送られる前に、連邦破産裁判所の書記官宛に適切に提出された支払請求証明は、債務者ま…関係を持つ当事者がその認可に対して拒否権を持つという条件付きで、適切に申請された請求と見なさ…される。別途に支払請求証明を申請する必要はない。

本件用に作成された支払請求証明は、ノースウエスト再建関連ウエブサイト<u>www.nwa-restructuri…</u>からダウンロードできる。

6. **債務者表、アクセス**

あなたの名前が、債務者に対する請求申請者として、債務者の財務表、貸借対照表、ならびに未…及び有効期限内賃貸表(以下をまとめて「債務者表」と称す。修正の可能性あり)に記載されている可能性…自分の請求内容を債務者表で確認するには、オンラインでアクセス(<u>www.nwa-restructuring.com</u>…または債務者請求の代行機関であるBankruptcy Services, LLCまで問い合わせることができ…(866) 715-0768。

債務者表ならびに開廷日命令のコピーは、連邦破産裁判所のホームページ(<u>https://ecf.nysb.us…gov/</u>、ただし閲覧するには有効なPACERアカウントが必要)、あるいは、ニューヨーク州南部地区連邦破…書記室で閲覧できる(住所:One Bowling Green, New York, New York、月曜から金曜の午前9…午後4:30まで)。

支払請求証明の申請や処理に関する問い合わせは、Bankruptcy Services, LLCで受け付けてい…(866) 715-0768。

<u>支払請求証明を申請すべきかどうかといった、その他のお問い合わせに関しては、弁護士にご相談くだ…</u>

7. **債務者の名前、案件番号、及び商号**

**Northwest Airlines Corporation ("NWA Corp")－案件番号 05-17930; NWA Fuel S… Corporation ("NFS")－案件番号 05-17925; Northwest Airlines Holdings Corpo… ("Holdings")－案件番号 05-17938; NWA Inc. ("NWA Inc.")－案件番号 05-17940; …west Aerospace Training Corp. ("NATCO")－案件番号 05-17944; Northwest A… Inc. ("Northwest Airlines")－Case No. 05-17933; MLT Inc. ("MLT")－案件番号 05-1… Compass Airlines, Inc. 前 Northwest Airlines Cargo, Inc. ("Compass" 前 "Cargo"… 番号 05-17949; NWA Retail Sales Inc. ("NWA Retail")－案件番号 05-17950; M… Enterprises, Inc. ("Montana")－案件番号 05-17952; NW Red Baron LLC ("Red Ba… 案件番号 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales")－案件番号 05-1… NWA WorldClub, Inc. ("WorldClub")－案件番号 05-17956; NWA Aircraft Fi… Inc. ("Aircraft Finance")－案件番号 05-19287**

すべての債権者および利害を持つ当事者は、開廷日命令の文書、連邦破産法、連邦破産規則、および地方破…参照し、支払請求証明の申請ならびに処理手続に関する追加情報を取得し、ご自身の法律専門家にご相談くださ…

ニューヨーク州ニューヨーク市　2006年6月27日

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
Nathan A. Haynes (NH 4955)
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- 及び -

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 11…
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

債務者及び占有継続債務者代表弁護士

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST AIRLINES | ) | Case No. 05-17390 (ALG) |
| | ) | *et al* |
| Debtors | ) | |
| | ) | |

AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK )
)
COUNTY OF NEW YORK )

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the Marketing Director of Porte Advertising, Inc., and that I arranged for the publication of the attached notice in *Ashai Shimbun* (English Language) on July 3, 2006.

The foregoing statements are true and correct to the best of my knowledge, information and belief.

_____
Paul C. Mesches

Sworn to me this

31ˢᵗ day of ~~July~~ August 2006.

_____
Notary Public

MARIAH DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17925 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17938 (ALG) |
| NWA INC., | Case No. 05-17927 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-19287 (ALG) |
| MLT INC., | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | Case No. 05-17959 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | Case No. 05-17950 (ALG) |
| NWA WORLDCLUB, INC., | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing August 16, 2006 at 5:00 p.m. prevailing Eastern Time (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp"), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1.  **WHO MUST FILE A PROOF OF CLAIM**

    You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

    Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.  **WHO SHOULD NOT FILE A PROOF OF CLAIM**

    You should not file a proof of claim if:

    a.  You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10.

    b.  Your claim has already been listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

    c.  You have a claim under section 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

    d.  Your claim has already been paid by the Debtors;

    e.  You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

    f.  You are a Debtor in these cases and you have a claim against another Debtor;

    g.  You are a professional whose retention in these chapter 11 cases has been approved by the Court;

    h.  You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

    i.  You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or as an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

    j.  You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grievance arose or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

    YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3.  **SPECIAL CLAIMS**

    For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.

    For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

    For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date such taxes are assessed.

    For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

    Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are linked exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof of proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any competition loan related documents that shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor); provided that such single proof of claim clearly identifies each such Debtor.

4.  **WHEN AND WHERE TO FILE**

    Except as provided herein, proofs of claim must be filed so as to be received on or before 5:00 p.m. prevailing Eastern Time, on August 16, 2006, at the following address (the "Northwest Claims Docketing Center"):

    | IF SENT BY MAIL | IF SENT BY MESSENGER OR OVERNIGHT COURIER |
    |---|---|
    | United States Bankruptcy Court | Office of the Clerk of the |
    | Southern District of New York | United States Bankruptcy Court |
    | Attn: Northwest Airlines Processing | Southern District of New York |
    | Bowling Green Station, P.O. Box 5005 | Attn: Northwest Airlines Claims Processing |
    | New York, New York 10274-5005 | One Bowling Green, New York, New York 10004 |

    Note that proofs of claim will be deemed timely filed only if actually received by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or telecopy.

5.  **WHAT TO FILE**

    If you file a proof of claim, your proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

    The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

    YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

    EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS SHALL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

    Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.

    A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6.  **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

    You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services LLC at (866) 715-0768.

    Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account), or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

    Bankruptcy Services LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

    A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

7.  **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

    Northwest Airlines Corporation ("NWA Corp") - Case No. 05-17930; NWA Fuel Services Corporation ("NFS") - Case No. 05-17925; Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17938; NWA Inc. ("NWA Inc.") - Case No. 05-17927; Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933; MLT Inc. ("MLT") - Case No. 05-17948; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo") - Case No. 05-17949; NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17959; Montana Enterprises, Inc. ("Montana") - Case No. 05-17952; NW Red Baron LLC ("Red Baron") - Case No. 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17950; NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287.

All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York   June 27, 2006

| | |
|---|---|
| **CADWALADER, WICKERSHAM & TAFT LLP** | |
| Bruce R. Zirinsky (BZ 2990) | and | Mark C. Ellenberg (ME 6927) |
| Gregory M. Petrick (GP 2175) | | 1201 F Street N.W., Suite 1100 |
| Nathan A. Haynes (NH 4955) | | Washington, DC 20004 |
| One World Financial Center | | Telephone: (202) 862-2200 |
| New York, New York 10281 | | Facsimile: (202) 862-2400 |
| Telephone: (212) 504-6000 | | |
| Facsimile: (212) 504-6666 | | |

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION**